UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MCG LIMITED PARTNERSHIP, (f/k/a Monitor Company Group Limited Partnership), *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No: 12-13042-CSS<br><br>(Jointly Administered) |
| Alfred T. Giuliano, in his capacity as the Chapter 7 Trustee of MCG Limited Partnership, et al.,<br><br>Plaintiff,<br><br>v.<br><br>GERSON LEHRMAN GROUP,<br><br>Defendant. | **Adversary Case No.** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO
11 U.S.C. §§ 547 AND 550 AND TO DELAY OR TO
DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

---

[1] The Debtors in these chapter 7 cases, along with the last four (4) digits of each Debtor's federal tax identification number, where applicable, are: MCG Limited Partnership f/k/a Monitor Company Group Limited Partnership, a Delaware limited partnership (2729); MCG Network LLC f/k/a Global Business Network LLC, a Delaware limited liability company (3768); MCG International Holdings LLC f/k/a Monitor Company Group International Holdings LLC, a Delaware limited liability company (0382); TMC Investors, LLC, a Delaware limited liability company (8206); MCG Intl., LLC f/k/a Monitor Company Intl., LLC, a Delaware limited liability company (8207); MCG Latin America, LLC f/k/a Monitor Company Latin America, LLC, a Delaware limited liability company (9512); MCG Services, LLC f/k/a Monitor Company Services, LLC, a Delaware limited liability company (3371); MCG Asia Pacific, LLC f/k/a Monitor Company Asia Pacific, LLC, a Delaware limited liability company (7839); MCG Foreign Government Services, LLC f/k/a Monitor Group Foreign Government Services, LLC, a Delaware limited liability company (2731); MCG Government Services, LLC f/k/a Monitor Group Government Services, LLC, a Delaware limited liability company (0337); MCG International, Inc. f/k/a Monitor International, Inc., a Massachusetts corporation (8656); MCG-MS, LLC f/k/a Marketspace, LLC, a Delaware limited liability company (3314); MAST Services LLC, a Delaware limited liability company (7605); MCG CIS LLC f/k/a Monitor Group CIS LLC, a Delaware limited liability company (2967); New Strategic Oxygen, LLC, a Delaware limited liability company (7645); MCG Mexico LLC f/k/a Monitor Group Mexico LLC, a Delaware limited liability company (6723); MCG Institute, LLC f/k/a Monitor Institute, LLC, a Delaware limited liability company (3861); MCG Customer LLC f/k/a Market2Customer LLC, a Delaware limited liability company (7402); MCG Federal Government Services LLC f/k/a Monitor Federal Government Services LLC, a Delaware limited liability company (7471); MDOB Inc. f/k/a Doblin Inc., an Illinois corporation (9817). The Debtors' mailing address is Two Canal Park, Cambridge, MA 02141.

Plaintiff Alfred T. Giuliano (the "Trustee"), in his capacity as the Chapter 7 Trustee of MCG Limited Partnership, by and through his attorneys Cooper, Levenson, P.A., as and for his Complaint against defendant GERSON LEHRMAN GROUP (the "Defendant") to avoid, recover and preserve preferential transfers pursuant to sections 547 and 550 of the United States Bankruptcy Code, and to delay or to disallow any claims held by the Defendant pursuant to section 502(d) of the United States Bankruptcy Code, respectfully alleges as follows:

## I. Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of bankruptcy Procedure (the "Bankruptcy Rules").

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a) because this is a proceeding relating to and arising under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and the above-captioned Chapter 7 cases.

5. This action is brought as an adversary proceeding pursuant to Bankruptcy Rule 7001.

## II. Background

6. On November 7, 2012 (the "Petition Date"), the Debtors filed voluntary petitions with this Court for relief under Chapter 11 of the Bankruptcy Code.

7. By an order entered on November 9, 2012, the Debtors' bankruptcy cases were consolidated for procedural purposes and thereafter were jointly administered.

8. On August 5, 2013, the Bankruptcy Court entered an Order converting Debtors' cases to cases under Chapter 7 of the Bankruptcy Code (the "Conversion Order").

9. On August 7, 2013, the Office of the United States Trustee for the District of Delaware appointed Alfred T. Giuliano to serve as the Chapter 7 Trustee of the Debtors.

### III.    Parties

10. The Trustee is the duly appointed, qualified, and serving Trustee of MCG Limited Partnership. The Trustee has standing and all due authority to bring the claims contained herein on behalf of the Debtor Estates pursuant to 11 U.S.C. §§ 105, 547 and 550 of the Bankruptcy Code.

11. Upon information and belief, the Defendant is a corporation, partnership, governmental unit, individual, or entity who transacted business in the United States with the Debtors and who received one or more transfers from the Debtors.

12. During the period on or within ninety (90) days before the Petition Date (the "preference period"), the Debtors issued and authorized payment to certain of their creditors, by check, wire transfer, or otherwise.

### IV.    The Transfers

13. At or within 90 days prior to the Petition Date, MCG Limited Partnership made certain preferential transfer(s) to or for the benefit of the Defendant in the aggregate amount of $30,000.00 as set forth in Exhibit A attached hereto (individually or collectively referred to as the "Transfers").

14. Exhibit A reflects the Trustee's current knowledge of all transfers made by or for the benefit of MCG Limited Partnership to Defendant during the 90-day period immediately preceding the Petition Date and immediately subsequent to the Petition Date on account of pre-petition claims in the aggregate amount of $30,000.00. During the course of this

proceeding, the Trustee may learn of additional transfers made to Defendant during the 90-day period immediately preceding the Petition Date or subsequent to the Petition Date not authorized under the Bankruptcy Code or approved by the Court. It is the Trustee's intention to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit A or not, and the Trustee reserves all rights to supplement and amend the allegations of this Complaint accordingly.

15. On or about February 20, 2014, counsel to the Trustee sent a demand letter to Defendant demanding the return of the Transfers to the Debtor Estates. As of the date hereof, the Defendant has failed and refused to return the Transfers to the Debtor Estates.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Transfers Pursuant to 11 U.S.C. § 547)**

16. The Trustee repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

17. At or within 90 days prior to the Petition Date, MCG Limited Partnership made the Transfers to the Defendant as set forth in Exhibit A attached hereto.

18. The Transfers were made on account of prior contractual obligations or invoices owed by MCG Limited Partnership to Defendant before the Transfers were made.

19. The Transfers were made in payment of goods sold or services provided by Defendant to MCG Limited Partnership.

20. The goods or services paid for by each of the Transfers were provided by Defendant to MCG Limited Partnership before each Transfer was made.

21. The Transfers constitute a transfer of an interest in property of MCG Limited Partnership within the meaning of section 101(54) of the Bankruptcy Code.

22. The Transfers were made while MCG Limited Partnership was insolvent. Pursuant to 11 U.S.C. § 547(f), MCG Limited Partnership is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

23. Each of the Transfers was to or for the benefit of the Defendant.

24. The Transfers constitute a transfer or transfers of an interest or interests in the Debtors' property or of the Debtors' interest in property.

25. The Transfers enabled the Defendant to receive more than the Defendant would have received in the Cases if: (i) the Transfers had not been made; and (ii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

26. The Transfers constitute transfers which the Trustee is entitled to avoid pursuant to Section 547(b) of the Bankruptcy Code.

27. The Defendant was the initial transferee of all of the Transfers and/or the entity for whose benefit some or all of the Transfers were made or was an immediate or mediate transferee of such initial transferee.

28. Based upon the foregoing, the Trustee is entitled to an order and judgment against Defendant: avoiding the Transfers under Bankruptcy Code section 547(b) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order or judgment.

### SECOND CLAIM FOR RELIEF

**(Recovery and Preservation of Transfers Pursuant to 11 U.S.C. § 550)**

29. The Trustee repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30. The Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made or was an immediate or mediate transferee of such initial transferee.

31. Pursuant to § 550 of the Bankruptcy Code, the Trustee may recover and preserve the Preferential Transfers or the value thereof from the Defendant for the benefit of the Debtor Estates.

32. The total amount of the Transfers within 90 days of the Petition Date are set forth in Exhibit A attached hereto.

33. Based upon the foregoing, the Trustee is entitled to an order and judgment against Defendant: recovering the Transfers or the value of the Transfers from Defendant under section 550 of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order or judgment.

## THIRD CLAIM FOR RELIEF

### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

34. The Trustee repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. As alleged herein, Defendant is a transferee of Transfers avoidable under section 547, which property can be recovered under section 550 of the Bankruptcy Code.

36. Defendant has not paid or surrendered to the Trustee the alleged voidable Transfers or the value of the Transfers for which Defendant is liable under section 550 of the Bankruptcy Code.

37. Defendant has filed at least one proof of claim or alternatively one of the Debtors has scheduled Defendant as holding at least one claim.

38. Pursuant to section 502(d) of the Bankruptcy Code, any and all scheduled claims or filed claims of Defendant against any of the Debtors must be disallowed or payment on such claims must be delayed until such time as Defendant pays the Trustee the amount equal to the aggregate amount of the Transfers, plus interest thereon.

## RESERVATION OF RIGHTS

39. The Trustee reserves the right to bring all other claims or causes of action that the Trustee might have against the Defendant, on any and all grounds, as allowed under law or in equity. Nothing contained in this Complaint shall be construed as a waiver of the Trustee's rights to object to any proof of claim filed by the Defendant on any and all grounds, and the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests the following:

(1)    On the First Claim for Relief, judgment in the Trustee's favor and against Defendant, avoiding the Transfers and directing Defendant to return to the Trustee the amount of the Transfers, pursuant to 11 U.S.C. § 547(b), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees and costs;

(2)    On the Second Claim for Relief, judgment in the Trustee's favor and against Defendant, recovering the Transfers and directing Defendant to return to the Trustee the amount of the Transfers, pursuant to 11 U.S.C. § 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees and costs;

(3)    On the Third Claim for Relief, judgment in the Trustee's favor and against Defendant disallowing or delaying payment on any claims of the Defendant pursuant to 11 U.S.C. § 502(d), whether listed on the Debtors' Schedules or asserted by filing a proof of claim, until Defendant pays the value of the Transfers to the Trustee; and

(4)    Granting the Trustee such other and further relief as the Bankruptcy Court deems just and proper.

Dated:                                                            COOPER LEVENSON, P.A.

_/s/ Eric A. Browndorf_
Eric A. Browndorf, Esq. (pro hac vice)
1125 Atlantic Ave. – 3rd Floor
Atlantic City, NJ 08401
609-344-3161

-and-

_/s/ Mark A. Fiore_
Mark A. Fiore (pro hac vice)
1125 Atlantic Ave. – 3rd Floor
Atlantic City, NJ 08402
609-344-3161

-and-

_/s/ Erin. K. Brignola_
Erin K. Brignola, Esq. (2723)
30 Fox Hunt Drive
Bear, DE, 19701
(302) 838-2600
ebrignola@cooperlevenson.com

*Counsel to the Chapter 7 Trustee*

**Bankruptcy Case:** Monitor Company Group Limited Partnership
**Transfer Date Range:** 8/9/2012 through 11/6/2012

**Vendor Information:**

| | |
|---|---|
| | GERSON LEHRMAN GROUP |
| Address 1 | Address 2 |
| PO BOX 200589 | 850 THIRD AVENUE |
| PITTSBURGH, PA 15251-0589 | 9TH FLOOR |
| | NEW YORK, NY 10022 |

Attn:
Phone:
Fax:

**Preferential Transfers:**

| Check # | Check Date | Clear Date | Amount | Description |
|---|---|---|---|---|
| 75322 | 09/14/2012 | 09/19/2012 | $ 10,000.00 | |
| 75429 | 09/21/2012 | 09/28/2012 | 10,000.00 | |
| 75501 | 09/28/2012 | 10/03/2012 | 10,000.00 | |
| TOTAL | | | 3 $ 30,000.00 | |

2/19/2014 8:44